Battle, J.
The case presents the single question, whether the bill of sale from Chambliss and others to Maclin, which the plaintiff claimed was sufficient, as against the defendant, to pass the title of the slave Washington. The defendant’s counsel contend that it was not, because it was neither proved and registered, nor had a subscribing witness, as required by our Statute laws. The counsel admit the general rule, that the bill of sale being executed in the State of Virginia where the vendors lived, and *85 where neither a subscribing witnesss nor probate and registration were necessaiy, tire law of that State must determine its validity. Story’s Conf. Laws, sec. 380, et seq.; Anderson v. Doak, 10 Ire. Rep. 295. But they insist that where creditors are concerned, the lex rei sitae must prevail, it being the paramount duty of every State to take care of the interests of its own citizens; and for this they cite tire case of Oliver v. Towns, 14 Martin, Louisiana Rep. 93, stated and fully commented upon by Judge Story in his Conf. Laws, sec. 387, et seq. The doctrine established in that case has Ircen very recently recognized in this Court as the law of North. Carolina. Moye v. May, 8 Ire. Eq. Rep. 131. We now acknowledge its authority, but do not consider it applicable to the question before us. It is the personal chattel of the venden' who owns it, which will be taken aird applied to the payment of his debts, in the country in which it is situated, when it has not been transferred according to the laws of that country; but a sale by a mere bailee of the chattel, is neither within the letter nor the reason of the rule.1 The case referred to would be in point, were the defendant claiming as a creditor, or under a creditor of Cham-bliss; but in truth he claims under Pa3'ne who had no title — who was only a bailee of Chambliss at the time when he sold to Mac-lin. Payne’s possession being that of a bailee merely, was not adverse to Chambliss — was in law the possession of Chambliss himself — and there ivas therefore nothing to prevent the full application of the general rule, that the lex loci contractus must determine the sufficiency of the bill of sale. The judgment must be affirmed.
Pee Cckiam. Judgment affirmed.